NOT FOR PUBLICATION                                    (Doc. Nos. 50, 54, & 65)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                                     :
COMITÉ DE APOYO A LOS                  :        Civil No. 15–4014 (RBK/JS)
TRABAJADORES AGRÍCOLAS, et al.,   :
                                                     :        **OPINION**
                        Plaintiffs,          :
                                                     :
             v.                                      :
                                                     :
Thomas E. PEREZ,                            :
Secretary of Labor, et al.,                  :
                                                     :
                        Defendants.      :
_____:

**KUGLER**, United States District Judge:

Plaintiffs Comité de Apoyo a los Trabajadores Agrícolas ("CATA"), Antonio Rivera

Martinez, Pineros y Campesinos Unidos del Noroeste ("PCUN") and Northwest Forest Worker

Center ("NFWC") move for reconsideration of this Court's December 7, 2015 Opinion and

Order granting summary judgment to the following Defendants: Thomas E. Perez, in his official

capacity as United States Secretary of Labor; United States Department of Labor; Portia Wu, in

her official capacity as Assistant Secretary, Employment and Training Administration; Jeh

Charles Johnson, in his official capacity as United States Secretary of Homeland Security; and

León Rodriguez, in his official capacity as Director of the United States Citizenship and

Immigration Service. Plaintiffs seek reconsideration of this Court's holding that CATA and

Plaintiff Rivera do not have standing to challenge 20 C.F.R. § 655.10(f)(4). For the reasons

expressed below, Plaintiffs' "Amended Motion for Relief Pursuant to Fed. R. Civ. Proc. Rules

59 and 60" (Doc. No. 54) is **DENIED**.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint against Defendants on June 12, 2015 (Doc. No. 1).

Plaintiffs brought an Administrative Procedure Act ("APA") challenge against various

provisions of the Final Rule entitled "Wage Methodology for the Temporary Non-Agricultural

Employment H-2B Program." 80 Fed. Reg. 24146 (Apr. 29, 2015) ("2015 Wage Rule"). *See*

Compl. at 1–3 (challenging 20 C.F.R. §§ 655.10(b)(1)–(2), 655.10(f)(1)(i)–(iii), 655.10(f)(4)).

Defendants filed their Answer on July 8, 2015 (Doc. No. 13). On July 15, 2015, Plaintiffs moved

for summary judgment (Doc. No. 21). Defendants opposed Plaintiffs' motion and cross-moved

for summary judgment on July 17, 2015 (Doc. No. 27).

On December 7, 2015, this Court issued an Opinion deciding the parties' cross-motions

for summary judgment (Doc. No. 48). The Opinion held that Plaintiffs failed to establish

standing to challenge any provision of the 2015 Wage Rule, and the accompanying Order

entered judgment for Defendants and against Plaintiffs (Doc. No. 49). On January 4, 2016,

Plaintiffs filed their "Motion for Relief Pursuant to Fed. R. Civ. Proc. Rules 59 and 60", seeking

reconsideration of this Court's decision that they failed to establish standing to challenge any

provision of the 2015 Wage Rule (Doc. No. 50).[1] On January 22, 2016, Plaintiffs filed an

"Amended Motion for Relief Pursuant to Fed. R. Civ. Proc. Rules 59 and 60" (Doc. No. 54).[2]

Plaintiffs' Amended Motion seeks reconsideration of this Court's decision that CATA

and Plaintiff Rivera failed to establish standing to challenge Section 655.10(f)(4) of the 2015

---

[1] Plaintiffs' Motion for Relief was filed on January 4, 2016, without an accompanying brief, to stay within the 28-day time limit set by Rule 59(b) (Doc. No. 51). This Court granted Plaintiffs' request for leave to file a memorandum of law by January 22, 2016 (Doc. No. 53).

[2] Plaintiffs state that "[t]his amended motion is filed to limit the scope of the motion filed on January 4, 2016 and to set forth further information in support of that motion." *See* Pls.' Amd. Mot. ¶ 4. This Court will deny as moot Plaintiffs' January 4, 2016 Motion, and consider solely Plaintiffs' January 22, 2016 Amended Motion.

Wage Rule. *See* Pls.' Amd. Mot., Proposed Order (Doc. No. 54–2). PCUN and NFWC no longer

seek reconsideration of this Court's decision on their standing to challenge the 2015 Wage Rule.

*See id.*[3] Furthermore, CATA and Plaintiff Rivera do not seek reconsideration of this Court's

decision regarding any provision of the 2015 Wage Rule other than Section 655.10(f)(4). *See id.*

Section 655.10(f)(4) provides that, where an employer submits a permissible category of survey,

"the employer must submit . . . specific information about the survey methodology, including

such items as sample size and source, sample selection procedures, and survey job descriptions,

to allow a determination of the adequacy of the data provided and validity of the statistical

methodology used in conducting the survey."

Defendants timely opposed Plaintiffs' Amended Motion on February 22, 2016 (Doc. No.

57). Plaintiffs filed their Reply on February 29, 2016 (Doc. No. 58). On March 2, 2016, this

Court granted Defendants leave to file their Sur-Reply (Doc. Nos. 61 & 62). Plaintiffs filed a

"Notice of Supplemental Information" on May 17, 2016 (Doc. No. 63). On May 25, 2016,

Defendants moved for leave to file a response to Plaintiffs' May 17, 2016 Notice (Doc. No. 65),

which this Court will deny as unnecessary.

## II.    STANDARD OF REVIEW

Plaintiffs seek reconsideration pursuant to Rules 59(a)(1)(B),[4] 59(e), and 60(b)(6) of the

Federal Rules of Civil Procedure. *See* Pls.' Amd. Mot. ¶¶ 55–56. The scope of a motion for

reconsideration is "extremely limited" and such motions are "not to be used as an opportunity to

relitigate the case[.]" *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Although motions for

---

[3] Hereinafter, this Court's use of "Plaintiffs" will refer only to CATA and Plaintiff Rivera.

[4] Rule 59(a)(1)(B) permits a court to "grant a new trial on all or some of the issues . . . after a
nonjury trial." Rule 59(a)(1)(B) is not applicable because this case did not reach trial. This Court
entered judgment for Defendant and against Plaintiff pursuant to Rule 56.

reconsideration under Rule 59(e) and Rule 60(b)(6) "are often used interchangeably," these motions "do serve difference purposes and sometimes product different consequences." *Petrossian v. Collins*, 523 Fed. Appx. 861, 863–64 (3d Cir. 2013).

A motion for reconsideration pursuant to Rule 59(e) "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). For reconsideration purposes, "new evidence . . . means evidence that a party could not earlier submit to the court because the evidence was not previously available." *Blystone*, 664 F.3d at 415–16 (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)).

Rule 60(b)(6) "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason" other than those listed elsewhere in the Rule. *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed. R. Civ. P. 60(b)(6)). A motion for reconsideration pursuant to Rule 60(b)(6) is granted "only in cases evidencing extraordinary circumstances." *See Petrossian*, 523 Fed. Appx. at 564 (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999)). A Rule 60(b)(6) motion is not "a substitute for an appeal" or "a means for seeking review of this Court's previous opinion in the same case." *Id.* (citing *Reform Party v. Allegheny Cnty. Dep't of Elections*, 174 F.3d 305, 312 (3d Cir. 1999)).

## III.   DISCUSSION

Plaintiffs argue that they have standing because "each can demonstrate concrete injury from this regulation's impact on wage rates and job opportunities for workers in the landscaping industry in southeastern Pennsylvania, southern New Jersey, and northern Delaware." Pls.' Mot.

¶ 8. Plaintiffs appear to misunderstand both the constitutional requirements for standing and the extremely limited scope of motions for reconsideration under Rule 59(e) and Rule 60(b)(6).

This Court held that Plaintiff Rivera did not have standing to challenge any provision of the 2015 Wage Rule because he did not "testify to facts supporting *any* cognizable Article III injury." *See* Dec. 7, 2015 Op. at 14 (Doc. No. 48). Plaintiff Rivera did not testify that he was "currently searching or imminently planning to search for another job in competition with H-2B workers, or that his current employer intends to reduce his wage because of competition with H-2B workers." *Id.* at 14–15. Plaintiff Rivera averred only that he would be harmed "*[i]f* [he] were to look for another job within the landscaping industry[.]" *Id.* at 15 (citing Rivera Aff. ¶ 10 (emphasis added)). But as this Court previously explained, such "some day" intentions are wholly insufficient to establish standing. *Id.* at 15 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Furthermore, this Court held that CATA did not have standing to challenge any provision of the 2015 Wage Rule because CATA introduced no evidence that it had standing in its own right or on behalf of its members. *See id.* at 15–16. CATA failed to identify any specific CATA member harmed by the challenged provisions of the 2015 Wage Rule. *Id.*

Plaintiff Rivera and CATA now move for reconsideration of this Court's decision that they did not have standing to challenge Section 655.10(f)(4). Both Plaintiff Rivera and CATA fail to demonstrate that they are entitled to reconsideration under either Rule 59(e) or Rule 60(b)(6). They do not demonstrate a change in controlling law, dispositive new evidence, or manifest injustice so as to make this Court reconsider its Opinion pursuant to Rule 59(e). Furthermore, they fail to demonstrate any "extraordinary circumstances" that would entitle them to relief under Rule 60(b)(6).

First, Plaintiffs fail to demonstrate they are entitled to reconsideration due to an intervening change in controlling law. This Court found that it did not have jurisdiction to decide Plaintiffs' challenge to Section 655.10(f)(4). *See* Dec. 7, 2015 Op. at 15–17. The controlling law in this Court's Opinion was therefore Article III of the United States Constitution, and the binding precedents interpreting Article III's standing requirements. The constitutional requirements of Article III standing have not changed since this Court's December 7, 2015 Opinion. Any changes to the challenged regulations are irrelevant for the purposes of a Rule 59(e) motion for reconsideration.[5]

Second, Plaintiffs fail to provide any new evidence that justifies reconsideration of this Court's Opinion that Section 655.10(f)(4) does not cause a cognizable Article III injury to Plaintiff Rivera or to CATA, either in its own right or on behalf of its members. This Court may consider only "new evidence"—that is, evidence that Plaintiffs "could not earlier submit to the court because the evidence was not previously available." *Blystone*, 664 F.3d at 415–16 (quoting *Howard Hess Dental Labs.*, 602 F.3d at 252). Neither Nelson Carrasquillo[6] nor Plaintiff

---

[5] Plaintiffs argue that "the Consolidated Appropriations Act, 2016, which was signed into law 11 days after entry of this Court's Order, have [sic] made the threat of future economic injury traceable to the challenged provisions of the 2015 Wage Rule even more imminent as to Plaintiffs Rivera Martinez and CATA[.]" *See* Pls.' Amd. Mot. ¶ 10. Plaintiffs admit the statute requires that "the Secretary shall accept private wage surveys even in instances where Occupational Employment Statistics survey data are available[.]" *See id.* ¶ 14 (citing Section 112 of the 2016 Department of Labor Appropriations Act, Pub. L. 114–113, Division H, Title I). This Court does not see how the statute could make any alleged imminent injury from accepting private wage surveys traceable to the 2015 Wage Rule—any such injury would be traceable to the statute itself.

[6] Mr. Carrasquillo clearly could have, but did not, attest to the circumstances of individual CATA members in his original declaration. The Court declines to consider whether Mr. Carrasquillo's supplemental declaration would have been sufficient to establish associational standing on behalf of CATA had it been filed when Defendants first challenged CATA's standing.

Rivera's[7] supplemental declarations—written and filed after this Court's December 7, 2015
Opinion—contain "new evidence" not previously available to Plaintiffs at the summary
judgment stage. Furthermore, the evidence Plaintiffs cite regarding prevailing wage survey
requests for the Maryland seafood industry is completely irrelevant to whether Section
655.10(f)(4) threatens imminent harm to Plaintiff Rivera, CATA, or specific CATA members.
*See* Pls.' Amd. Mot. ¶¶ 27–29; Pls. Reply Br. at 1–3. This Court also declines to consider the
evidence presented in Plaintiffs' Notice of Supplemental Information (Doc. No. 63).[8]

Third, Plaintiffs fail to demonstrate any "manifest injustice" that entitles them to
reconsideration of this Court's Opinion. Plaintiffs' argument that they will suffer "manifest
injustice" if not allowed to bring their challenge to Section 655.10(f)(4), despite their lack of
Article III standing, is wholly unavailing. They have failed to demonstrate a cognizable Article
III injury. This Court does not have the constitutional power to hear their challenge to Section
655.10(f)(4).

Finally, Plaintiffs fail to demonstrate any "extraordinary circumstances" that would
entitle them to reconsideration pursuant to Rule 60(b)(6). Plaintiff Rivera fails to demonstrate
that *he* suffers a concrete and particularized injury due to the challenged regulation. Again, it is
irrelevant to Plaintiff Rivera's standing that other workers in his industry and geographic area

---

[7] The Court further notes that the attestations contained in Plaintiff Rivera's supplemental
declaration still fail to establish that Plaintiff Rivera will suffer any cognizable Article III injury
caused by Section 655.10(f)(4). He fails to show that the challenged regulation imminently
threatens any harm *to him*. The fact that his employer "competes for business with other
employers in southeastern Pennsylvania who also participate in the H-2B program[]" is
irrelevant to Plaintiff Rivera's standing. Plaintiff Rivera appears to conflate possible injuries
suffered by his employer as injuries to himself. Plaintiff Rivera does not demonstrate that
Section 655.10(f)(4) threatens imminent harm to his personal job opportunities or wages.
[8] Even if this Court did consider the Notice, Plaintiffs fail to demonstrate that the cited employer-
provided wage surveys have any relevance. Plaintiffs provide no evidence to link those surveys
to any threatened harm to Plaintiff Rivera, CATA, or any specific CATA member.

may be harmed by the challenged regulation. CATA also fails to demonstrate any "extraordinary circumstances" that entitle it to reconsideration of this Court's decision that it does not have standing, either in its own right or on behalf of its members, to challenge Section 655.10(f)(4).

## IV.    CONCLUSION

For the reasons expressed above, Plaintiffs' Amended Motion (Doc. No. 54) is **DENIED**.

Dated:   08/09/2016                                              s/ Robert B. Kugler

                                                                ROBERT B. KUGLER

                                                                United States District Judge